UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

IGNACIO REYNOSO,

                Petitioner,                  **No. 08-CV-6406(CJS)(VEB)**

    -vs-                                     **REPORT AND RECOMMENDATION**

DOMINICK. NAPOLI,

                Respondent.

———————————————————

## I.      Introduction

Petitioner Ignacio Reynoso ("Reynoso") filed a petition for habeas corpus relief under 28 U.S.C. § 2254. On September 24, 2008, signed by District Judge Siragusa ordered that this matter be transferred to the Southern District of New York, as the more convenient to decide Reynoso's habeas petition, which pertains to a criminal conviction entered against him in New York State Supreme Court in Bronx County, New York. *See* Order (Docket No. 3) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (where habeas petitioner was confined in Alabama, but was attacking a conviction entered in Kentucky, "[i]n terms of traditional venue considerations, the District Court for the Western District of Kentucky is almost surely the most desirable forum for the adjudication of the claim" because "[i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found")). Reynoso subsequently filed a pleading (Docket No. 5) captioned "Motion for Reconsideration." In it, Reynoso challenges the Order transferring venue to the Southern District of New York.

For the reasons that follow, the Court recommends that Reynoso's motion for reconsideration be denied.

## II.     Discussion

First, the Court needs to determine if this motion has been properly presented under Fed. R. Civ. P. 59(e) ("[m]otion to alter or amend judgment) or  Fed. R. Civ. P. 60(b) ("[r]elief from judgment or order"). The Second Circuit Court of Appeals has consistently held that a post-judgment motion made within ten (10) days of entry of judgment that seeks reconsideration of matters properly encompassed within a decision on the merits is a motion under Rule 59(e). *Jones v. UNUM Life Insurance Co. of America*, 223 F.3d 130, 137 (2d Cir.2000). "[M]otions filed after the 10-day period, no matter how styled, are to be treated as Rule 60(b)(1) motions seeking relief from the judgment. *Feldberg v. Quechee Lakes Corp*., 463 F.3d 195, 198-99 (2d Cir. 2006).

Under the prisoner mailbox rule, Reynoso's motion is deemed to have been filed on the date that he signed it and turned it over to prison officials for mailing–here, October 22, 2008. Because the motion was filed more then ten days after the transfer order was entered, Reynoso's motion cannot be treated as motion for reconsideration under Fed. R. Civ. P. 59(e). Even if the application were timely, reconsideration would not be warranted.

The only bases for reconsideration alleged by Reynoso in his motion are (1) that he chose the Western District of New York, because (2) "of some misunderstanding or misinterpretation of the date of the filing of the habeas corpus in Reynoso v. Kuhlmann, 96-CV-3442 (WK) (S.D.N.Y.) filed on March 15, 1996" and "the district court for the Southern District continously [sic] maintains the initial petition was filed on May 9, 1996, which it's [sic] an issue raise [sic] in

the instant petition."[1]   Reynoso plainly has not shown that the District Judge "overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court." *Consolidated Gold Fields v. Anglo American Corp.*, 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989); *see also Tracy v. Freshwater*, 2008 WL 850594, at *2 (N.D.N.Y. Mar. 28, 2008) ("Rule 59(e) is not an appropriate vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided, *USA Certified Merchants, LLC v. Koebel*, 273 F. Supp.2d 501, 503 (S.D.N.Y. 2003); *Griffin Industries, Inc. v.. Petrojam, Ltd.*, 72 F. Supp.2d 365, 368 (S.D.N.Y.1999), or to advance '"new facts, issues or arguments not previously presented to the court."' *Wechsler v. Hunt Health Systems, Ltd.*, 186 F. Supp.2d 402, 410 (S.D.N.Y. 2002)."). "The strict requirements for reconsideration under Rule 59(e) are specifically designed to preclude this type of reargument." *Tracy*, 2008 WL 850594, at *2 (citing *Sutherland v. New York State Department of Law*, 1999 WL 600522, at *1 (S.D.N.Y. Aug. 10, 1999) ("A Rule 59(e) motion is a not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.").

Furthermore, Reynoso is not entitled to relief under Fed. R. Civ. P. 60(b).  Rule 60(b) of

---

[1]    The Court has researched the aforementioned case on Westlaw. It appears that the instant petition is actually Reynoso's third habeas corpus petition challenging the same Bronx County conviction. In 1990, the Southern District of New York denied Reynoso's first habeas petition. *Reynoso v. Leonardo*, 735 F. Supp. 134 (S.D.N.Y.), *aff'd* 916 F.2d 709 (2d Cir. 1990). Reynoso alleged two claims for relief, both of which were rejected on the merits.  Reynoso then filed a second habeas petition in the Southern District, *Reynoso v. Kuhlmann*, 96-CV-3442(WK), which is the civil case number mentioned in his motion for reconsideration.  In the second habeas petition, Reynoso raised "nine separate claims, each of which [wa]s based on facts that were available to him at the time of the first petition." *Reynoso v. Kuhlmann*, No. 96 CIV. 3442(WK), 1997 WL 177891, at *2 (S.D.N.Y. Apr. 14, 1997). The Southern District ultimately denied Reynoso's "application to bring this successive petition as it would constitute an abuse of the writ." *Reynoso v. Kuhlmann*, No. 96 Civ. 3442(WK), 1998 WL 472049, at *1 (S.D.N.Y. Aug. 7, 1998).

-3-

the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment

upon a finding of one of several enumerated reasons and "only upon a showing of exceptional

circumstances." *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.

2001). As noted above, the only bases given for this Court's retention of venue set forth by

Reynoso in his motion for reconsideration strongly suggest that he is attempting to circumvent

the prohibition on second or successive petitions in 28 U.S.C. § 2244(b),[2] and is "forum-

shopping" in an attempt to avoid another dismissal on that basis by the Southern District. These

are not proper grounds for the District Court to reconsider its transfer order. *Accord*, *e.g.*, *Phipps

v. State of New York*, No. 07 CV 1330(JG)(LB), 2007 WL 1541368, at *1 (E.D.N.Y. May 25,

2007) ("Plaintiff's recent letter suggests that 'sending the case back to the same venue that had

already just dismissed the case in the first place is irrational, non-justifiable, and illogical.' He

asserts that the transferred complaint was again dismissed by the N.D.N.Y. Further, he argues

that venue is proper in the United States District Court for the Eastern District of New York

('E.D.N.Y.') because he resided in Brooklyn prior to his incarceration. None of these arguments

are sufficient grounds for this Court to reconsider its Transfer Order. Plaintiff's dissatisfaction

with the pending litigation in another forum is not a meritorious reason for asking this Court to

reconsider its proper transfer to that venue.") (internal citations to the record omitted); *Pierce v.

Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) ("[W]here it appears that the plaintiff was

forum shopping and that the selected forum has little or no connection with the parties or the

subject matter, plaintiff's choice of forum is entitled to no weight whatever, and transfer of venue

---

[2]     The Court notes that nothing prevents Reynoso from seeking certification from the
United States Court of Appeals for the Second Circuit to file a "second or successive petition" in the
Southern District of New York.

is appropriate.") (internal quotation marks and citations omitted).

Apart from Reynoso's preference to have venue laid in the Western District, the other traditional venue considerations weigh in favor of transfer to the Southern District. Specifically, the Southern District is (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found" and; (3) a more convenient forum for both the respondent and the petitioner. *Henderson v. INS*, 157 F.3d 106, 128 n. 25 (2d Cir.1998) (quoting *Braden*, 410 U.S. at 493-94) (quotation marks omitted).

## III.    Conclusion

For the foregoing reasons, the Court recommends that Reynoso's "Motion for Reconsideration" be **DENIED**. Furthermore, the Court does not recommend issuing a certificate of appealability, because Reynoso has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: February 23, , 2009
      Rochester, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Rochester, New York
       February 23, 2009